# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

  v.                                                       **Case No. 98-CR-104**

**LARRY OLSON,**
        **Defendant.**

---

## MEMORANDUM

This case is before me on a limited remand pursuant to United States v. Paladino, 401 F.3d 471 (7th Cir. 2005). Under Paladino, the district court's task is to determine whether, in light of the now advisory nature of the guidelines, it would or would not adhere to the original sentence. In making this determination, the court must obtain the views of counsel, at least in writing, but need not require the presence of the defendant. Upon reaching its decision whether to re-sentence, the district court must either place on the record a decision not to re-sentence, with an appropriate explanation, or inform the court of appeals of its desire to re-sentence the defendant. Id. at 484.

Upon receipt of the Seventh Circuit's remand order, I directed the parties to file briefs, which they did.[1] I now issue the following memorandum advising the court of appeals that I would likely impose a different sentence in light of United States v. Booker, 543 U.S. 220 (2005), and thus request that the matter be remanded for re-sentencing.

---

[1] The court of appeals also ordered limited remands for co-defendants Martinez, Mendez and Vasquez. Their cases are still in briefing.

## I. BACKGROUND

Defendant Larry Olson was convicted, after a nine-week jury trial, of conspiracy to commit RICO violations and conspiracy to distribute controlled substances, all arising out of his involvement with the Latin Kings street gang. I sentenced Olson to 262 months in prison, the lowest possible sentence under the then-mandatory sentencing guidelines. I noted that Olson was clearly a minor participant compared to others in the conspiracy; his participation in the affairs of the gang was shorter; he held no rank in the gang; he engaged in no violence; and he mainly followed orders issued by others. I further noted that Olson had positive personal qualities, but the guidelines prevented me from considering those factors other than by imposing a sentence at the low end of the range. The Seventh Circuit affirmed Olson's conviction on appeal but, as noted, ordered a limited remand of the sentence.

## II. DISCUSSION

Post-<u>Booker</u>, the sentencing court must consider all of the factors set forth in 18 U.S.C. § 3553(a), which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

2

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

The statute directs the court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)."

In his <u>Paladino</u> statement, Olson highlights my statements at sentencing as to his limited role, positive qualities, and the limited discretion I then possessed. He further argues that while the guideline calculation may not have been clearly erroneous, it was the product of questionable evidence. He then sets forth the aspects of his history and characteristics that, in his view, warrant a lesser sentence. Finally, he contends that the nature of his offense was such that a lesser sentence would be sufficient.

In its <u>Paladino</u> statement, the government states that based on my comments at the original sentencing, I may have imposed a lower sentence under an advisory guideline regime. The government further agrees that the factors set forth in § 3553(a) generally support a non-guideline sentence for Olson. It therefore requests that I advise the court of appeals that the matter should be remanded for re-sentencing.

Based on the parties's statements and my own review of the record, I agree that the sentence should be vacated and the matter remanded for re-sentencing under § 3553(a).

### III. CONCLUSION

For the reasons stated, I determine that, in light of the additional discretion afforded by <u>Booker</u>, I would impose a different sentence. I therefore advise the court of appeals

3

that Olson's sentence should be vacated and the matter remanded for re-sentencing. The Clerk is directed to transmit this memorandum to the court of appeals.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 7th day of September, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge